UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | No. |
| | : | |
| v. | : | |
| | : | |
| **ROCKWATER NORTHEAST LLC**, | : | (electronically filed) |
| Defendant | : | |

## PLEA AGREEMENT

The following Plea Agreement is entered by the United States
Attorney for the Middle District of Pennsylvania and the above-
captioned defendant.  Any reference to the United States or to the
Government in this Agreement shall mean the Office of the United
States Attorney for the Middle District of Pennsylvania.

## A. Violation(s), Penalties, and Dismissal of Other Counts

1. Waiver of Indictment/Plea of Guilty.  The defendant, through its
   corporate officer, agrees to waive indictment by a grand jury
   and plead guilty to a felony Information, which will be filed
   against the defendant by the United States Attorney for the
   Middle District of Pennsylvania.  Counts 1 through 31 of the
   Information each will charge the defendant with a violation of
   Title 42, United States Code, Section 7413(c)(2)(C), the Clean

Air Act.  The maximum penalties for each of those offenses are a term of five years of probation, a fine of $500,000 or twice the amount of the gross gain or twice the amount of the gross loss resulting from the offense, the costs of prosecution, denial of certain federal benefits, and an assessment in the amount of $400.  At the time the guilty plea is entered, the defendant, through its corporate officer, shall admit to the court that the defendant is, in fact, guilty of the offenses charged in the Information.  The defendant agrees that the United States may, at its sole election, seek additional charges in the event that any guilty plea entered or sentence imposed pursuant to this Agreement is subsequently vacated, set aside, or invalidated by any court.  The defendant further agrees to waive any defenses to the filing of additional charges, based upon laches, the assertion of speedy trial rights, any applicable statute of limitations, or any other ground.  The calculation of time under the Speedy Trial Act for when trial must commence is tolled as of the date of the defendant's signing of this Plea Agreement.

2.  <u>Venue Waiver</u>.  The defendant agrees to knowingly waive the
    right to challenge venue in the United States District Court for
    the Middle District of Pennsylvania.

3.  <u>Maximum Sentence – Multiple Counts</u>.  The defendant
    understands that the total, maximum possible sentence for all
    charges is the combination of penalties described above; that is,
    fines totaling $15,500,000, five years of probation, the costs of
    prosecution, denial of certain federal benefits and an
    assessment totaling $12,400.

4.  <u>No Further Prosecution, Except Tax Charges</u>.  The United
    States Attorney's Office for the Middle District of Pennsylvania
    agrees that it will not bring any other criminal charges against
    the defendant directly arising out of the defendant's
    involvement in the offense described above.  However, nothing
    in this Agreement will limit prosecution for criminal tax
    charges, if any, arising out of those offenses.

5.  <u>Joint Resolution</u>.  The defendant agrees and understands that
    an express condition of this Plea Agreement is that Select

Energy Services, Inc., successor in interest to Rockwater Energy

Solutions, Inc. ("Select"), enter a non-prosecution agreement

with the United States.  The failure of Select to enter that non-

prosecution agreement will be grounds for the United States to

rescind this Plea Agreement.

## B.  Fines and Assessments

6.  Fine.  The defendant understands that the court may impose a

fine pursuant to the Sentencing Reform Act of 1984.  The willful

failure to pay any fine imposed by the court, in full, may be

considered a breach of this Plea Agreement.  Further, the

defendant acknowledges that willful failure to pay the fine may

subject the defendant to additional criminal violations and civil

penalties pursuant to Title 18, United States Code, § 3611, et

seq.

7.  Alternative Fine.  The defendant understands that under the

alternative fine section of Title 18, United States Code, § 3571,

the maximum fine quoted above may be increased if the court

finds that any person derived pecuniary gain or suffered

4

pecuniary loss from the offense and that the maximum fine to
be imposed, if the court elects to proceed in this fashion, could
be twice the amount of the gross gain or twice the amount of the
gross loss resulting from the offense.

8. <u>Amount of Fine</u>.  The defendant agrees to pay a fine in the
amount of **$2,000,000**, which includes disgorgement of $250,000,
the total approximate economic benefit that the defendant
derived from violating the Clean Air Act.  The defendant will
pay the fine, in full, on or before the date the court imposes
sentence in this case.  Nothing in this paragraph limits any
additional fine imposed by the court, as referenced in this
Agreement.

9. <u>Special Assessment</u>.  The defendant understands that the court
will impose a special assessment of $400, pursuant to the
provisions of Title 18, United States Code, § 3013, for each
count in the Information.  No later than the date of sentencing,
the defendant or defendant's counsel shall mail a check in
payment of the special assessment directly to the Clerk, United

5

States District Court, Middle District of Pennsylvania.  If the
defendant intentionally fails to make this payment, that failure
may be treated as a breach of this Plea Agreement and may
result in further prosecution, the filing of additional criminal
charges, or a contempt citation.

C.  **Sentencing Guidelines Calculation**

10. <u>Determination of Sentencing Guidelines.</u>  The defendant and
counsel for both parties agree that the United States Sentencing
Commission Guidelines, which took effect on November 1, 1987,
and its amendments, as interpreted by *United States v. Booker*,
543 U.S. 220 (2005), will apply to the offenses to which the
defendant is pleading guilty.  The defendant further agrees that
any legal and factual issues relating to the application of the
Federal Sentencing Guidelines to the defendant's conduct,
including facts to support any specific offense characteristic or
other enhancement or adjustment and the appropriate sentence
within the statutory maximums provided for by law, will be

6

determined by the court after briefing, a pre-sentence hearing, and/or a sentencing hearing.

11. <u>Acceptance of Responsibility– Two/Three Levels</u>.  If the defendant can adequately demonstrate recognition and affirmative acceptance of responsibility to the Government as required by the Sentencing Guidelines, the Government will recommend that the defendant receive a two- or three-level reduction in the defendant's offense level for acceptance of responsibility. The third level, if applicable, shall be within the discretion of the Government under U.S.S.G. § 3E1.1. The failure of the court to find that the defendant is entitled to a two- or three-level reduction shall not be a basis to void this Plea Agreement.

12. <u>Specific Sentencing Guidelines Recommendations</u>.  With respect to the application of the Sentencing Guidelines to the defendant's conduct, the parties agree to recommend as follows:

    a. **Pursuant to U.S.S.G. § 2Q1.2(a), the base offense level is 8;**

b.  Pursuant to U.S.S.G. § 2Q1.2(b)(1)(A), the offense resulted in an ongoing, continuous, and repetitive discharge, release and emission of a hazardous and toxic substance into the environment, thus yielding a 6-level enhancement; and

c.  Pursuant to U.S.S.G. § 8C2.1, the fine guidelines set forth in U.S.S.G. §§ 8C2.2 through 8C2.9 do not apply to offenses involving the environment under U.S.S.G. § 2Q.  Thus, pursuant to U.S.S.G. § 8C2.10, the total fine referenced in this Agreement, including disgorgement of the defendant's approximate economic benefit, satisfies the provisions of 18 U.S.C. §§ 3553 and 3572.

Each party reserves the right to make whatever remaining arguments it deems appropriate with regard to application of the United States Sentencing Commission Guidelines to the defendant's conduct.  The defendant understands that these recommendations are not binding upon either the court or the United States Probation Office, which may make different findings as to the application of the Sentencing Guidelines to

the defendant's conduct.  The defendant further understands that the United States will provide the court and the United States Probation Office all information in its possession that it deems relevant to the application of the Sentencing Guidelines to the defendant's conduct.

## D. **Sentencing Recommendation**

13. <u>No Recommendation of Sentence</u>.  At the time of sentencing, the United States will make no specific recommendation as to the length or type of sentence.  However, the United States reserves the right to rebut any defense argument that the Probation Office has erred in its calculation of the appropriate Guideline range.

14. <u>Special Conditions of Probation</u>.  If probation is ordered, the United States may recommend that the court impose one or more special conditions, including but not limited to the following:

a.  The defendant pay any fine imposed in accordance with this agreement.

b.   The defendant be directed to notify the court or the
Probation Office immediately upon learning of any material
adverse change in its business or financial condition or
prospects, or the commencement of any bankruptcy
proceeding, major civil litigation, criminal prosecution, or
administrative proceeding against the defendant, or any
investigation or formal inquiry by governmental authorities
regarding the defendant.

c.   The defendant be directed to submit to a reasonable number
of regular or unannounced examinations of its books and
records at appropriate business premises by the Probation
Office or experts engaged by the court, and interrogation of
knowledgeable individuals within the defendant
organization.  Compensation to and costs of any experts
engaged by the court shall be paid by the organization.

15. Destruction Order/Waivers.  The defendant further agrees,
should the United States deem it appropriate, to the destruction
of the items seized during the course of the investigation.  The

defendant agrees that the items may be destroyed by the investigative agency with or without a court order authorizing the destruction of the items seized.  If the United States determines that a destruction order should be obtained, the defendant and defendant's counsel hereby concur in a motion for such an order.  The defendant further agrees to waive all interest in the assets in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal.  The defendant consents and waives all rights to compliance by the United States with any applicable deadlines under 18 U.S.C. § 983(a).  Any related administrative claim filed by the defendant is hereby withdrawn.  The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of forfeiture in the judgment.

11

E. **Information Provided to Court and Probation Office**

16. <u>Background Information for Probation Office</u>.  The defendant
    understands that the United States will provide to the United
    States Probation Office all information in its possession that the
    United States deems relevant regarding the defendant's
    background, character, cooperation, if any, and involvement in
    this or other offenses.

17. <u>Objections to Pre-Sentence Report</u>.  The defendant understands
    that pursuant to the United States District Court for the Middle
    District of Pennsylvania "Policy for Guideline Sentencing" both
    the United States and defendant must communicate to the
    Probation Officer within 14 days after disclosure of the pre-
    sentence report any objections they may have as to material
    information, sentencing classifications, sentencing guideline
    ranges, and policy statements contained in or omitted from the
    report.  The defendant agrees to meet with the United States at
    least five days prior to sentencing in a good faith attempt to
    resolve any substantive differences.  If any issues remain

unresolved, they shall be communicated to the Probation Officer for inclusion in an addendum to the pre-sentence report. The defendant agrees that unresolved substantive objections will be decided by the court after briefing, or a pre-sentence hearing, or at the sentencing hearing where the standard or proof will be a preponderance of the evidence, and the Federal Rules of Evidence, other than with respect to privileges, shall not apply under Fed. R. Evid. 1101(d)(3), and the court may consider any reliable evidence, including hearsay. Objections by the defendant to the pre-sentence report or the court's rulings, will not be grounds for withdrawal of a plea of guilty.

18. <u>Relevant Sentencing Information</u>. At the sentencing, the United States will be permitted to bring to the court's attention, and the court will be permitted to consider, all relevant information about the defendant's background, character and conduct, including the conduct that is the subject of the charges that the United States has agreed to dismiss, and the nature and extent of the defendant's cooperation, if any. The United

States will be entitled to bring to the court's attention and the court will be entitled to consider any failure by the defendant to fulfill any obligation under this Agreement.

19. <u>Non-Limitation on Government's Response</u>.  Nothing in this Agreement shall restrict or limit the nature or content of the United States' motions or responses to any motions filed on behalf of the defendant.  Nor does this Agreement in any way restrict the government in responding to any request by the court for briefing, argument or presentation of evidence regarding the application of Sentencing Guidelines to the defendant's conduct, including but not limited to, requests for information concerning possible sentencing departures.

## F.  <u>Court Not Bound by Plea Agreement</u>

20. <u>Court Not Bound by Terms</u>.  The defendant understands that the court is not a party to and is not bound by this Agreement, or any recommendations made by the parties.  Thus, the court is free to impose upon the defendant any sentence up to and including the maximum sentence of five years of probation, a

14

fine of $15,500,000, the costs of prosecution, denial of certain federal benefits, and an assessment in the amount of $12,400.

21. <u>No Withdrawal of Plea Based on Sentence or Recommendations</u>. If the court imposes a sentence with which the defendant is dissatisfied, the defendant will not be permitted to withdraw any guilty plea for that reason alone, nor will the defendant be permitted to withdraw any pleas should the court decline to follow any recommendations by any of the parties to this Agreement.

## G. **Breach of Plea Agreement by Defendant**

22. <u>Breach of Agreement</u>.  In the event the United States believes the defendant has failed to fulfill any obligations under this Agreement, then the United States shall, in its discretion, have the option of petitioning the court to be relieved of its obligations.  Whether the defendant has completely fulfilled all of the obligations under this Agreement shall be determined by the court in an appropriate proceeding during which any disclosures and documents provided by the defendant shall be

15

admissible, and during which the United States shall be required to establish any breach by a preponderance of the evidence.  If the United States believes that the defendant has failed to fulfill any obligations under the agreement then the United States and the defendant would confer and the United States would bring to the defendant's attention any of the obligations that the United States believes has been breached, and the parties would make a good faith effort to resolve any dispute prior to the United States petitioning the court to be relieved of its obligations under the Agreement.  In order to establish any breach by the defendant, the United States is entitled to rely on statements and evidence given by the defendant during the cooperation phase of this Agreement, if any.

23. <u>Remedies for Breach</u>.  The defendant and the United States agree that in the event the court concludes that the defendant has breached the Agreement:

a.   The defendant will not be permitted to withdraw any guilty plea tendered under this Agreement and agrees not to petition for withdrawal of any guilty plea;

b.   The United States will be free to make any recommendations to the court regarding sentencing in this case;

c.   Any evidence or statements made by the defendant during the cooperation phase of this Agreement, if any, will be admissible at any trials or sentencings;

d.   The United States will be free to bring any other charges it has against the defendant, including any charges which may have been under investigation at the time of the plea. The defendant waives and hereby agrees not to raise any defense to such charges based upon collateral estoppel, Double Jeopardy, or other similar grounds.

24. <u>Violation of Law While Plea or Sentence Pending</u>.  The defendant understands that it is a condition of this Plea Agreement that the defendant refrain from any further

17

violations of state, local, or federal law while awaiting plea and sentencing under this Agreement.  The defendant acknowledges and agrees that if the government receives information that the defendant has committed new crimes while awaiting plea or sentencing in this case, the government may petition the court and, if the court finds by a preponderance of the evidence that the defendant has committed any other criminal offense while awaiting plea or sentencing, the Government shall be free at its sole election to either:  (a) withdraw from this Agreement; or (b) make any sentencing recommendations to the court that it deems appropriate.  The defendant further understands and agrees that, if the court finds that the defendant has committed any other offense while awaiting plea or sentencing, the defendant will not be permitted to withdraw any guilty pleas tendered pursuant to this Plea Agreement, and the government will be permitted to bring any additional charges that it may have against the defendant.

18

## H.  Licensing, Resignation, and Disbarment

25.  <u>Status of Professional License or Contracts</u>.  It is further
understood and agreed that the status of any professional
license or contracts held by the defendant is not protected by
this Agreement and is a matter solely within the discretion of
the appropriate licensing authority, including but not limited
those subject to the provisions of 42 U.S.C. § 7606.  The United
States may in its discretion provide to any such licensing or
regulatory authority any documents and information in its
possession.

## I.  Appeal Waiver

26.  <u>Appeal Waiver – Direct</u>.  The defendant is aware that Title 28,
United States Code, § 1291 affords a defendant the right to
appeal a judgment of conviction and sentence; and that Title 18,
United States Code, § 3742(a) affords a defendant the right to
appeal the sentence imposed.  Acknowledging all of this, the
defendant knowingly waives the right to take a direct appeal
from its conviction and sentence.  This waiver includes any and

19

all possible grounds for direct appeal, whether constitutional or

non-constitutional, including, but not limited to, the manner in

which that sentence was determined in light of *United States v.*

*Booker*, 543 U.S. 220 (2005).

27. <u>Collateral Appeal Waiver.</u>  The defendant acknowledges,

understands and agrees that, by pleading guilty pursuant to

this Agreement, the defendant voluntarily knowingly waives the

right to collaterally attack the defendant's conviction, sentence,

or any other matter relating to this prosecution, including under

28 U.S.C. § 2255.  Nothing in the foregoing waiver of rights

shall preclude the defendant from raising a claim of ineffective

assistance of counsel.  The defendant understands that the

United States retains its right to oppose any such claim on

procedural or substantive grounds.  In the event the defendant

does make such a claim, the defendant hereby consents to

counsel for the United States conferring with any of the

defendant's prior counsel whose performance is attacked in such

a claim, for purposes of preparing any response or for any
hearing necessitated by the filing of such a claim.

## J.  Other Provisions

28. Agreement Not Binding on Other Agencies.  Nothing in this
Agreement shall bind any other United States Attorney's Office,
state prosecutor's office, or federal, state or local law
enforcement agency.

29. No Civil Claims or Suits.  The defendant agrees not to pursue or
initiate any civil claims or suits against the United States of
America, its agencies or employees, whether or not presently
known to the defendant, arising out of the investigation,
prosecution or cooperation, if any, covered by this Agreement,
including but not limited to any claims for attorney's fees and
other litigation expenses arising out of the investigation and
prosecution of this matter.  By the defendant's guilty plea in
this matter the defendant further acknowledges that the
Government's position in this litigation was taken in good faith,
had a substantial basis in law and fact and was not vexatious.

30. <u>Plea Agreement Serves Ends of Justice</u>.  The United States is entering into this Plea Agreement with the defendant because this disposition of the matter fairly and adequately addresses the gravity of the series of offenses from which the charges are drawn, as well as the defendant's role in such offenses, thereby serving the ends of justice.

31. <u>Merger of All Prior Negotiations</u>.  This document states the complete and only Plea Agreement between the United States Attorney for the Middle District of Pennsylvania and the defendant in this case, and is binding only on the parties to this Agreement and supersedes all prior understandings or plea offers, whether written or oral.  This agreement cannot be modified other than in writing that is signed by all parties or on the record in court.  No other promises or inducements have been or will be made to the defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.  Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the defendant certifies that the

22

defendant's plea is knowing and voluntary, and is not the result of force or threats or promises apart from those promises set forth in this written Plea Agreement.

32. Corporate Authorization. Defendant, through its corporate officer, represents that it is authorized to enter into this Agreement. At the time of signing this Agreement, Defendant shall provide to the United States a written statement, to be filed with the Court, in the form of notarized legal documents certifying that Defendant is authorized to enter into and comply with all of the provisions of this Agreement. The resolution further shall certify that Defendant's governing body and Defendant's parent company's Board of Directors have authorized these actions, and that all corporate formalities for such authorizations have been observed.

33. Required Signatures. None of the terms of this Agreement shall be binding on the Office of the United States Attorney for the Middle District of Pennsylvania until signed by the defendant

23

and defense counsel and then signed by the United States

Attorney or his designee.

## ACKNOWLEDGMENTS

The defendant, ROCKWATER NORTHEAST LLC, through its authorized representative listed below, has consulted with its attorneys and fully understands all of its rights with respect to the offenses charged in the information. The authorized representative understands this plea agreement, voluntarily agrees to it, and represents that ROCKWATER NORTHEAST LLC's decision to enter this agreement was made in accordance with the terms of the corporation's charter and bylaws.

9-9-20
_____
Date

_____
Holli C. Ladhani
Corporate Officer of Rockwater Northeast
LLC, Defendant

I am the defendant's counsel. I have carefully reviewed every part of this agreement with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

9/11/2020
_____
Date

_____
MARK A. FIORILLI, ESQ.
Counsel for Defendant

DAVID J. FREED
United States Attorney

9/21/20
_____
Date

By: _____
PHILLIP J. CARABALLO
SEAN A. CAMONI
Assistant United States Attorneys
PATRICIA C. MILLER
Special Assistant United States Attorney

25

## SECRETARY'S CERTIFICATE

The undersigned, being the Corporate Secretary of Rockwater Northeast, LLC, a Delaware limited liability company (the "Company") with headquarters at 1233 West Loop South, Suite 1400, Houston, Texas, 77027, does hereby certify that he is the Corporate Secretary of the Company and that he is duly authorized to execute and deliver this certificate in the name and on behalf of the Company. The undersigned further certifies that:

   1. Holli C. Ladhani is the President and Chief Executive Officer of the Company, and is authorized to represent the Company in connection with the matters contemplated by the Plea Agreement (as defined below).

   2. The Company is authorized to enter into and comply with all of the provisions of that certain Plea Agreement with the United States Middle District Court of Pennsylvania regarding the case styled *United States of America v. Rockwater Northeast, LLC* (the "Plea Agreement"). The Plea Agreement has been executed with the authority of the Board of Directors of the parent company of the Company, Select Energy Services, Inc., a Delaware corporation, on its own behalf and on behalf of its wholly owned subsidiary, the Company.

IN WITNESS WHEREOF, the undersigned has executed this certificate in the name and on behalf of the Company this ___10th___ day of September, 2020.

By: _____
Adam R. Law
Corporate Secretary

THE STATE OF TEXAS     §
              §
COUNTY OF HARRIS     §

BEFORE ME personally appeared Adam R. Law, known to me to be the person whose name is subscribed to the foregoing instrument, and known to me to be the Corporate Secretary of ROCKWATER NORTHEAST, LLC, and acknowledged to me that he executed said instrument in the capacity therein stated for the purposes and consideration therein expressed as the corporate act and deed of said corporation.

WITNESS my hand and official seal this ___10th___ day of September, 2020.

Notary Seal

_____
Notary Public in and for the State of Texas

TIFFANY C. RICHARD
My Notary ID # 129769650
Expires April 1, 2022